IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAFE LIFE DEFENSE L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1964-K-BN |
| | § | |
| SAS MFG, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCIES**

Paying the applicable fee, Allan Bain, a non-lawyer proceeding *pro se*, removed a lawsuit that Plaintiff Safe Life Defense L.L.C. (a Nevada limited liability company) filed against Defendant SAS MFG, Inc. (a Texas corporation) in a Dallas County, Texas state court, through which Safe Life seeks a declaratory judgment against SAS. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Bain then moved for leave to represent SAS as its sole director [Dkt. No. 5] and to dismiss Safe Life's lawsuit [Dkt. No. 10].

But at least two deficiencies exist that must be addressed before this case may proceed further. First, for the reasons set out below, Bain may not represent SAS *pro se*. So SAS must retain counsel. And, only after counsel is retained, SAS must show – through a filing made by a licensed attorney – that there was federal subject matter jurisdiction at the time that this lawsuit was removed.

As a Texas corporation, *see, e.g.*, Dkt. No. 3 at 1, SAS is "a fictional legal person" and may "only be represented by licensed counsel," *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))); s*ee also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel.").

The Court therefore DENIES Bain's motion for leave to represent SAS [Dkt. No. 5] and ORDERS SAS to retain counsel – and direct counsel to file a notice of appearance in this lawsuit – no later than **September 20, 2024**.

Should SAS fail to do so, it risks sanctions, which could be severe. *See, e.g.*, *Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Next, the undersigned's review of the notice of removal and the petition filed in state court (attached to the notice) fails to show that the Court possessed subject matter jurisdiction at the time of removal. And, while the undersigned will explain why that appears to be the case below, Bain may not respond on behalf of SAS. So

the Court should stay its consideration of this admittedly threshold requirement until such time as SAS is represented by counsel.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And "compliance with [either Section 1331 or 1332] is necessary but not sufficient for federal subject matter jurisdiction." *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

The removing party, as the party invoking federal subject matter jurisdiction, "must also show that [the plaintiff had] Article III standing" at the time of removal. *Id.* (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103-04 (1998)); *see Voice of Experienced v. Cantrell*, Civ. A. No. 23-5067, 2023 WL 6994209, at *2 (E.D. La. Oct. 24, 2023) ("In a removed case, the defendant, as the party invoking federal jurisdiction, bears the burden of establishing that all elements of jurisdiction – including Article III standing – existed at the time of removal." (citation omitted)).

And, so, if, at the time of removal, a plaintiff "lack[s] standing, the district court lacks subject matter jurisdiction under [28 U.S.C.] § 1447(c) to do anything but remand the removed case." *Lutostanski*, 88 F.4th at 588; *see, e.g., Buras v. Hill*, No. 4:22-CV-753-SDJ, 2023 WL 4234393, at *1 (E.D. Tex. June 28, 2023) ("[W]hen

Defendants removed Buras's case to this Court and simultaneously demonstrated that Buras lacked Article III standing, they negated, rather than established, this Court's jurisdiction, and likewise confirmed the necessity of remand, rather than dismissal.").

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up); *see, e.g.*, *Tex. Brine Co., LLC v. Am. Arb. Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("recognizing that the forum-defendant rule [28 U.S.C. § 1441(b)(2)] is a procedural rule and not a jurisdictional one" (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009))).

And, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – again, "there must be a motion to remand filed no later than 30 days after the filing of the removal

- 4 -

notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (cleaned up; citing 28 U.S.C. § 1447(c)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

And, so, while there is "no basis, in either the language of the amended statute or in policy, for conferring upon the district courts discretion *sua sponte* to remand for purely procedural defects," *In re Allstate*, 8 F.3d 219, 223 (5th Cir. 1993), "[t]he statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded," *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

As to subject matter jurisdiction, the state-court petition fails to allege – or raise a reasonable inference – that a federal statute was violated or that resolution of a claim asserted through the petition turns on a substantial question of federal law. So, if there is federal subject matter jurisdiction, it would seem to depend on Section 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x

317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

But, "if a state-court 'petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'" *Werder v. Allstate Fire & Cas. Ins. Co.*, No. 3:24-cv-130-BN, 2024 WL 2162821, at *2 (N.D. Tex. May 14, 2024) (quoting *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022)). "The defendant can meet that burden in one of two ways: (1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro*, 39 F.4th at 314 (cleaned up).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which

requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While the petition attached to the notice of removal fails to allege diversity "distinctly and affirmatively," it was not the petition-drafting, state-court-filing plaintiff's responsibility to do so. Instead, as the party invoking federal subject matter jurisdiction through removal, SAS has that responsibility – a duty that was not discharged through the notice of removal.

First, Safe Life alleges that it "is a foreign limited liability company" (or LLC) "incorporated in the State of Nevada." Dkt. No. 3 at 3. But, "[f]or limited liability companies, § 1332 citizenship is determined by the citizenship of all of its members," so, "[t]o establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC." *SXSW*, 83 F.4th at 407-08 (cleaned up).

Nor does the state petition's statement that "Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief," Dkt. No. 3 at 4, necessarily allege that the amount in controversy is satisfied.

[P]leading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) is, for purposes of 28 U.S.C. § 1446(c)(2), an "indeterminate" or "unspecified amount of damages." And, so, allegations of those ranges do not "constitute a specific sum demanded that is dispositive of the jurisdictional question." *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022) (cleaned up).

For the same reason, neither does (without more) "seeking 'monetary relief of $250,000 or less' in accordance with [Texas Rule of Civil Procedure] 47(c)(1) [or Rule 47(c)(2)] ... make it facially apparent that the federal jurisdictional amount in controversy is satisfied." *Id.* (cleaned up). A state court petition's pleading the Rule 47(c)(1) or Rule 47(c)(2) range "does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000." *Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *rec. adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *accord Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021).

And, so, [ ] pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) does not constitute a specific sum demanded that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2) and does not make it facially apparent that the jurisdictional threshold for the amount in controversy is satisfied to support diversity jurisdiction over this removed action.

*Werder*, 2024 WL 2162821, at *2 (cleaned up).

SO ORDERED.

DATED: August 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE